UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | |
|---|---|
| KEVIN ALVEY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 2:22-cv-00593-JPH-MJD |
| ) | |
| TARA ALVEY, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

### I.  Filing Fee

Mr. Alvey's motion to proceed *in forma pauperis*, dkt. [2], is **GRANTED** to the extent that he is assessed an initial partial filing fee of $17.34. *See* 28 U.S.C. § 1915(b)(1). He shall have **through February 10, 2023** to pay this initial partial filing fee to the clerk of the district court.

Mr. Alvey is informed that after the initial partial filing fee is paid, he will be obligated to make monthly payments of 20 percent of the preceding month's income each month that the amount in his account exceeds $10.00, until the full filing fee of $350.00 is paid. 28 U.S.C. § 1915(b)(2). After the initial partial filing fee is received, a collection order will be issued to Mr. Alvey and to his custodian.

### II.  Jurisdiction

Mr. Alvey's complaint alleges that, during his divorce proceedings, Defendant Tara Alvey told the court that there was no marital property to

divide. Dkt. 1 at 3. He seeks his "share of the personal property or the money." *Id.* at 5.

Federal courts are courts of limited jurisdiction. In order to hear and rule on the merits of a case, a federal court must have subject-matter jurisdiction over the issues. *Bender v. Williamsport Area Sch. Dist.*, 475 U.S. 534, 541 (1986). If the Court determines at any time that it lacks subject-matter jurisdiction, it must dismiss the case. Fed. R. Civ. P. 12(h)(3); *see Evergreen Square of Cudahy v. Wis. Hous. & Econ. Dev. Auth.*, 776 F.3d 463, 465 (7th Cir. 2015) ("[F]ederal courts are obligated to inquire into the existence of jurisdiction *sua sponte*.").

The Court does not appear to have jurisdiction over Mr. Alvey's claim. The Supreme Court has explained the two basic ways to establish subject-matter jurisdiction:

> The basic statutory grants of federal-court subject-matter jurisdiction are contained in 28 U.S.C. §§ 1331 and 1332. Section 1331 provides for federal-question jurisdiction, § 1332 for diversity of citizenship jurisdiction. A plaintiff properly invokes § 1331 jurisdiction when she pleads a colorable claim arising under the Constitution or laws of the United States. She invokes § 1332 jurisdiction when she presents a claim between parties of diverse citizenship that exceeds the required jurisdictional amount, currently $75,000.

*Arbaugh v. Y&H Corp.*, 546 U.S. 500, 513 (2006). Mr. Alvey's complaint does not allege a claim based in the United States Constitution or federal law, so he has not alleged a basis for federal-question jurisdiction. *See* dkt. 1 at 2. He also has not alleged that he and Tara Alvey are citizens of different states or

that the amount in controversy is satisfied, so he has not alleged a basis for diversity jurisdiction. *See id.*

Moreover, under the *Rooker–Feldman* doctrine, this Court cannot "review the decisions of state courts in civil cases." *Gilbert v. Ill. State Bd. of Education*, 591 F.3d 896, 900–901 (7th Cir. 2010). That rule applies even if "the state court judgment might be erroneous." *Id.* Here, Mr. Alvey appears to be challenging a decision by the state court that decided his divorce proceeding. *See* dkt. 1 at 3. Granting Mr. Alvey the relief that he seeks would invalidate that state court's decision, which is "precisely what is forbidden by *Rooker–Feldman*." *Gilbert*, 591 F.3d at 900–901; *see Andrade v. City of Hammond*, 9 F.4th 947, 949–50 (7th Cir. 2021). Mr. Alvey is therefore instead required to seek relief in the state courts. *See id.*

Mr. Alvey shall have **through February 10, 2023** to file an amended complaint or otherwise show cause why this case should not be dismissed for lack of subject-matter jurisdiction. If he does not respond, the Court will dismiss this case without prejudice for lack of subject-matter jurisdiction without further warning.

**SO ORDERED.**

Date: 1/13/2023

                                                *James Patrick Hanlon*
                                                James Patrick Hanlon
                                                United States District Judge
                                                Southern District of Indiana

Distribution:

KEVIN ALVEY
P.O BOX 1111
CARLISLE, IN 47838